

2015 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-10-2015

# In Re: Curtis Marshall Dixon

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2015

Recommended Citation

"In Re: Curtis Marshall Dixon" (2015). *2015 Decisions.* Paper 593.
http://digitalcommons.law.villanova.edu/thirdcircuit_2015/593

This June is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2015 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

DLD-231                                                               **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-1358
_____

IN RE:  CURTIS MARSHALL DIXON,
                                                                          Petitioner
_____

On a Petition for Writ of Mandamus from
the United States District Court
for the Eastern District of Pennsylvania
(Related to E.D. Pa. No. 2:00-cr-00146)
District Judge: James Knoll Gardner
_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
June 4, 2015

Before:  FISHER, SHWARTZ and GREENBERG, Circuit Judges

(Opinion filed: June 10, 2015)
_____

OPINION[*]
_____

PER CURIAM

 Petitioner Curtis Marshall Dixon, proceeding pro se and in forma pauperis, filed a

petition for writ of mandamus pursuant to 28 U.S.C. § 1651, alleging extraordinary delay

in the adjudication of his motion for a writ of error coram nobis by the United States

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

District Court for the Eastern District of Pennsylvania in E.D. Pa. No. 2:00-cr-00146. Thereafter, on March 17, 2015, the District Court denied the motion. Dixon sought a certificate of appealability, which the District Court also denied. Because the motion has been resolved by the District Court, Dixon has received the relief he sought from this Court, and we will dismiss the mandamus petition as moot. See Blanciak v. Allegheny Ludlum Corp., 77 F.3d 690, 698-99 (3d Cir. 1996) ("If developments occur during the course of adjudication that eliminate a plaintiff's personal stake in the outcome of a suit or prevent a court from being able to grant the requested relief, the case must be dismissed as moot.")